Tate v. SCR, Mr. Ramshaw. May it please the Court. The Commission argued in its brief that the District Court made two independent errors in dismissing this case. First, by ruling that Mr. Tate's complaint failed to state a claim. And second, by dismissing the case sua sponte without giving him an opportunity to amend. SCR, the employer, has not responded to the second point and has therefore waived any argument on it. Accordingly, this Court should reverse. And the only issue is which ground you choose to reverse on. We urge you to reverse on the ground that the District Court failed to apply this Court's rule governing employment discrimination complaints, and especially pro se complaints, as Mr. Tate's was. We urge you to do that because it's the broader ground, one that will affect more employment discrimination plaintiffs and prevent more early appeals. This Court has repeatedly held, and Judge Bower and Judge Hamilton have been on a number of these panels, or written the opinions in Bennett, Tamayo, Livano, Carlson v. CSX, and Hoory, that in a complaint asserting sex discrimination, for example, need avert only, to quote Livano, that the employer instituted a specified adverse employment action against the plaintiff because of her sex. Mr. Ramshaw, I would suggest the real problem is nobody really knows what it takes to plead a case these days in the wake of Iqbal and Twombly, which is why the second procedural concern here is, I think, pretty powerful. If more is required, and there's precedent both ways, if more is required than what Mr. Tate pled here, is there any risk that the procedural errors might have been harmless here? That the procedural errors might have been harmless here, that he would not be able to come forward with additional detail? Meaning it would be futile? Yes. The district court is not supposed to dismiss, in Runyon, you recently held that you're not supposed to dismiss a complaint for failure to state a claim and not allow amendment if it's futile, unless it's perfectly clear from the record that it can't possibly be amended to state a complaint. And certainly from his complaint, you can't tell that. This is a slow fastball down the middle of the plate. Is there an argument here that this error was harmless? No. Is Mr. Tate, if we look at some of the additional filings he's made to try to explain himself, has he pled himself out of court, or is there potential for a viable claim here? I believe that, first of all, the extra stuff is not in the record, because it was not in the record before the district court below. You should be looking at what the district court did based on what the district court had in front of it. And he didn't have any of that stuff that Mr. Tate appended to his brief here in this court. All that the district court had before him was that form complaint with the seven lines trying to summarize his claims. And on that grounds, yes, it clearly was prejudicial to dismiss without leave to amend, without explaining what the problem was. The form complaint gave him only six lines to state the facts, and on those six he actually made it seven lines. He said he worked for SCR for a month in August and September 2014. SCR knew he had a disability. He was objected to sexual harassment and complained about it, and he was discharged on September 5, 2014, and his discharge was discriminatory based on sex and disability and was in retaliation for his complaining about the harassment. That's ample under the rule this court has stated many times, including a number of times after Iqbal and Twombly. What was the disability? We don't know. He didn't say that even in his amplification that he submitted in this court. But, again, the question is, you know, is it clear that he could not amend it to state a complaint? And I think that's not clear when you look at his complaint. If there are no other questions, I'll wrap up here. Okay, thank you. Thank you, Mr. Ramshaw. Mr. Herring? May it please the court, my name is Sean Herring. I represent the appellate SCR Medical Transportation, and we ask that you affirm the decision of the district court judge to dismiss this action for the following reasons. We think that the court was correct in dismissing the plaintiff's complaint under Twombly and Iqbal, because the plaintiff did, in fact, fail to provide any factual detail whatsoever to support the allegations of his claims. What about the argument that he should have an opportunity to amend his complaint because it's pro se? Your Honor, I think that under the federal rule of civil procedure 15C, the judge has discretion to determine whether or not an amendment is proper. And I think under these circumstances, the district court judge determined that this was not a case that the plaintiff should have been allowed to amend his complaint. Why not? When you take a look at the allegations that have been pled in the complaint, the The form complaint, is it six lines or seven? It's six lines, Your Honor. Six lines to describe what happened, right? That's correct. And then it's dismissed because you didn't provide sufficient detail, right? When you look at the allegations that have been pled, he says that I was hired by a defendant on or about August 4th, 2014. My most recent position was a driver trainee. Defendant was aware of my disability. During my employment, I was subjected to sexual harassment. I complained in no avail. Approximately a month later, on September 5th, he was discharged, and he concludes that I believe I was discriminated against because of my disability in violation of the ADA, my sex, and in retaliation for it. Well, is anything missing except the explanation for what the disability was? Absolutely, Your Honor. He states that he has a disability. Absolutely what? That's what's missing. He didn't say what his disability was. He didn't say what his disability was. So why didn't the judge say, look, you have to tell me what the disability is? In addition to not stating what his disability is, he doesn't say how SCR had knowledge of that disability. He says that he alleges that he was subjected to sexual harassment, but he doesn't say by whom. But he doesn't have room in the form for that. There are a number of pro se complaints that are attached, and the rule doesn't say that you can't do that. Well, how does he know that? Come on. Let me put it this way. Are you familiar with our case in Luvano against Walmart? I am, Your Honor. You cited it in your brief. Correct. Could you address its reasoning? Absolutely, Your Honor. So that case differs from this case in that the pro se plaintiff in that case did state, under their sexual harassment claim, who they were harassed by. They added two additional pages of written, handwritten pages of fact to support their claims. So that pro se plaintiff had the initiative to say, well, the court doesn't really mean I'm supposed to be this concise in the six lines they've given me, in the court's own form, right? And we should distinguish the cases on that ground rather than just say, look, when a judge sua sponte dismisses a complaint, he needs to give the particularly an indigent pro se plaintiff, but really any plaintiff is entitled to one fair opportunity to amend and fix the problems. I thought that's pretty clear from Luvano, from Runyon, from Bausch, and a host of other cases in our court. So why is this different? Your Honor, I don't know if this court has made a rule that says that a pro se plaintiff, that a district court judge must, any plaintiff, must allow a plaintiff to exaction. Unless it would clearly be futile. If somebody, and we see complaints where people allege that aliens have implanted chips in their brains and so on, we don't worry about those, okay? But where somebody has said, has stated in general what we recognize as a claim under Title VII and the ADA, and there's an argument that some detail is lacking, I don't understand how you could possibly dismiss with prejudice and without an opportunity to amend. Well, I think that the district court judge looked at this, Your Honor, and saw that this was a plaintiff that was employed for only a month, and he's alleging that he was discriminated against because of his sex, and presumably his sex had not changed a month after he had just been hired, Your Honor. No, don't be too fast. I'm sorry? Don't be too fast. Well, he's still... You may be trampling on some other grounds. I understand that, Your Honor. But he still alleges that he was discriminated because he was a male. And, you know, we presume that that hadn't changed in a month, Your Honor. He also states that... Would your argument, Mr. Herring, be that somebody who's been employed for only a month could not state a viable claim for race discrimination? I think that... That's not the rule, is it? That's not the rule. Nor is it with sex discrimination. But I think that the argument that I'm making, Your Honor, is that he was recently hired, having been of the same sex, to complain or to allege that he was fired within a month's time because of his sex. So what about race? Race doesn't change. I think that a similar argument can be made when a plaintiff was hired with the same race and terminated within only a month's time. There are certain circumstances... Has any court ever held that, that if you get fired soon enough, you can't bring a claim based on an immutable characteristic? I think that... That would be an extraordinary rule of law. I think that there is a presumption that race was not a claim. There's the old same-actor inference, right? Right, right. And we've said that's not a rule of law. That's just something you can argue to a jury, right? That's correct. So you're arguing it to us now as a rule of law. I'm not arguing it as a rule of law. My point is that the district court judge, in exercising his discretion, looked at this and reviewed this and took these facts and circumstances into consideration when he decided to dismiss this case to Esponte. In addition to the allegations... But he didn't consider the possibility of permitting an amendment to the complaint. He didn't discuss it in his order. Ideally, Your Honor, we would have liked to see that in the order, but you're correct that it is not. In addition to... But isn't that a significant oversight? I don't know if that's a significant oversight, Your Honor, but I think that... Why do you think it's a significant oversight? It says, conclusory... This is the judge. Conclusory recitations of boilerplate law without sufficient facts are not sufficient to provide the defendant with at least the minimal notice. Well, that's fine, but why not tell the plaintiff? You know, you haven't said enough. You haven't given the facts. You haven't explained what the disability is. I'll give you a chance to file a new complaint and make up some of these omissions. Why wouldn't that be the decent thing to do when you're dealing with a pro se? I certainly think that other judges may have taken a different approach, but this judge in exercising his discretion... Why wouldn't that be the decent thing to do? When you look at the facts and circumstances of this complaint... Why wouldn't that be the decent thing to do, to give the guy a chance to add the facts that the judge says are missing? I think, again, Your Honor, that under these facts and circumstances... Not under these facts. The facts are missing. So why not say to the plaintiff, you haven't alleged facts? So I'll give you one chance. Alleged facts. If you can't do that, you're out. Why is that the way to handle a case like this? Again, Your Honor, that is certainly... Why isn't that the right way to handle a case like this? I believe your word was decent. You don't have to argue in favor of indecency. I think that under Section 1915, the judges are given the ability to screen complaints that they think are futile or unfair to the plaintiff. You're defending your position very well, except you're wasting your time. What I would like to say in regards to Your Honor's question is that this rule was put in place, obviously, to give the district court judges the ability to screen these type of cases. Did we say clearly in this case that he should have done it? Do you think that would be inappropriate? I'm sorry, Your Honor? Do you think that would be inappropriate, a violation to the rules or anything? If we say, why didn't you tell him and you should and now you will? I think that under these circumstances, that that would be a disagreement with the district court judges. Oh, no question about that. But again, I think that this district court judge. You're saved by the bell. I'm sorry? I see you've just been saved by the bell. OK. OK. Thank you, Your Honor. Thank you, Mr. Harry. Mr. Ramshaw, do you have any time? Do you have anything further? Wise decision. Thank you very much. You were appointed? Were you? I'm a public lawyer with the EEOC. Oh, you're the EEOC? OK. Well, we thank you very much for your participation, as well as Mr. Harry. OK. So we'll move to our next witness.